John I. BRICK and Sandra J. Brick, Plaintiffs,

v.

DEPARTMENT OF TRANSPORTATION, An Agency of the State of California, and State of California, Defendant.

Bankruptcy No. 1–80–00088.
Adv. No. 1–80–0260.

United States Bankruptcy Court, N. D. California.

March 9, 1981.

Philip M. Arnot, Eureka, Cal., for John and Sandra Brick, plaintiffs.

Lee Tyler, Robert J. DeFea, Richard W. Covert and Daniel W. Wiedman, San Francisco, Cal., for State of California, defendant.

## DENIAL OF MOTION TO DISMISS AND SETTING PRE–TRIAL CONFERENCE

CONLEY S. BROWN, Bankruptcy Judge.

Plaintiffs filed a petition under Chapter 11 of the Bankruptcy Code on February 1, 1980 being Case Number 1–80–00088. Among the various activities of the debtors pursuant to the Chapter 11 proceeding they filed the above entitled suit against the State of California on December 2, 1980 seeking damages on a theory of inverse condemnation. Service was made, and on January 5, 1981 the attorneys for the State of California noticed a Motion to Dismiss indicating that this Court lacks jurisdiction because of the Eleventh Amendment of the Constitution and cases decided thereunder.

The Eleventh Amendment provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

The State in its memorandum then cited a number of cases indicating that it has been consistently held that the State is immune from suit brought in Federal Courts by its own citizens as well as by citizens of another state. Particular emphasis was placed on the case of *Edelman vs. Jordan* (1974) 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662.

Attorney for plaintiffs filed a memorandum in opposition indicating that in an inverse condemnation of the debtors property,

the damages would be property of the Chapter 11 estate within the meaning of 11 U.S.C. § 541, and that if this were a Chapter 7 proceeding, this property (damages due to condemnation of real property) would be an asset of the estate that the Trustee would administer. The new Bankruptcy Code clearly grants to the Trustee and to the Debtor in Possession under Chapter 11 the right to bring an action to recover damages to property which is part of that estate.

Both the plaintiffs and the defendant admit that the Eleventh Amendment of the Constitution does not bar an action against a state by one of its own citizens.

The plaintiffs' position then is that the argument of the State of California does not take into consideration the enactment of the 1978 Bankruptcy Code which took effect October 1, 1979. Plaintiffs' counsel specifically refers to 28 U.S.C. § 1471 which states:

"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."

■ In this case, the State of California has made a motion to dismiss for lack of jurisdiction. Since it appears that Congress in enacting 28 U.S.C. § 1471 created jurisdiction in this Court a dismissal for lack of jurisdiction is neither appropriate or possible. The question then is whether this Court should dismiss or abstain pursuant to 11 U.S.C. § 305.

11 U.S.C. § 305 reads in part:

"(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; . . . .

■ The allegations of the complaint set forth a cause of action for damages for inverse condemnation by the State and indicate that the plaintiffs filed a claim with the State Board of Control on April 21, 1980, and that on June 3, 1980, the State Board of Control rejected the claim and mailed notice of that rejection to the plaintiffs on June 11, 1980. The California Government Code, Section 945.6 requires that a suit on such rejected claim be filed no later than six months after the date such notice is personally delivered or deposited in the mail. If this Court were to abstain or dismiss pursuant to 11 U.S.C. § 305, it could hardly be to the interest of the creditors and the debtor since any new filing against the State would be barred by the limitations set up in California Government Code. This would eliminate completely the alleged cause of action as an asset which might benefit the creditors and debtor in the Chapter 11 proceeding.

IN LIGHT OF THE ABOVE, IT IS HEREBY ORDERED that the Motion to Dismiss be denied and,

IT IS FURTHER ORDERED that this Court will not abstain from exercising its jurisdiction.

IT IS FURTHER ORDERED that the pre-trial conference on this matter will be heard before this Court on April 2, 1981 at 10:00 a. m. at its courtroom, Post Office Building, Room 205, Fifth and H Streets, Eureka, California.